UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| STEVEN D. KIDERLEN, ANGELA C. KIDERLEN and MINOR CHILDREN | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:06-CV-424-CAS ) |
| GOVERNOR MATT BLUNT, MISSOURI BOARD OF PROBATION AND PAROLE, SARA HUBER, LARRY CRAWFORD and LISA JONES, | ) ) ) ) ) ) |
| Defendants. | ) |

## **ORDER AND MEMORANDUM**

This matter is before the Court upon the application of Steven D. Kiderlen (Reg. No. 183427), currently incarcerated at Farmington Correctional Center (FCC), for leave to commence this action without payment of the required filing fee. *See* 28 U.S.C. § 1915(a).[1]

### **28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account;

---

[1] The Court notes that the complaint recites that Angela C. Kiderlen and minor children are also plaintiffs in this matter. However, Angela C. Kiderlen did not sign the complaint and has not provided the Court with motion for leave to proceed in forma pauperis and a financial affidavit. The minor children of plaintiff Steven D. Kiderlen may not sue unless represented by a duly appointed representative, next friend or guardian ad litem. *See* Fed. R. Civ. P. 17(c). Because this action will be dismissed as frivolous prior to service of process, the Court will not hold the action in abeyance pending resolution of these defects.

or (2) the average monthly balance in the prisoner's account for the prior six-month period. *See* 28 U.S.C. § 1915(b)(1). After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. *See* 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10, until the filing fee is fully paid. *Id.*

Applicant has submitted an affidavit and a certified copy of his prison account statement for the six-month period immediately preceding the submission of his complaint. *See* 28 U.S.C. § 1915(a)(1),(2). A review of applicant's account statement indicates an average monthly deposit of $95.00 and an average monthly account balance of $50.61. Applicant has insufficient funds to pay the entire filing fee. Accordingly, the Court will assess an initial partial filing fee of $19.00, which is 20 percent of applicant's average monthly deposit.

## 28 U.S.C. 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957); *Jackson Sawmill Co. v. United States*, 580 F.2d 302, 306 (8th Cir. 1978).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint

the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. *Denton v. Hernandez*, 504 U.S. 25, 31-32 (1992); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds, Davis v. Scherer*, 468 U.S. 183 (1984).

**The complaint**

Plaintiff seeks monetary and declaratory relief against defendants Matt Blunt, Governor of Missouri; Missouri Board of Probation and Parole (MBPP); Sara Huber, FCC Parole Officer; Larry Crawford, Director, Missouri Department of Corrections (MDOC); and Lisa Jones, Constituent Services Officer, MDOC. Plaintiff states that the he is scheduled for release on September 11, 2006. He states that the release considerations, dated July 18, 2005, included the following special conditions: no unsupervised contact with minors, no residence with minors, electronic monitoring, no driving and substance abuse program. According to plaintiff, the updated release considerations of January 9, 2006, included the following special conditions: assaultive/aggressive program, electronic monitoring, no driving, no residence with minors, no unsupervised contact with minors, no drinking, residential placement facility and substance abuse program.

Plaintiff asserts that these conditions violate his constitutional rights because he has never been convicted of a crime involving children but is charged with such crime in a case now pending before this Court. Plaintiff contends that defendants seek to prevent him from residing with his wife and children. He asserts that the conditions of release violate his right to a presumption of innocence and violate the double jeopardy clause of the Constitution.

**Discussion**

Liberally construing plaintiff's complaint, it appears that he alleges that his conditions of

parole are based not on the charges for which he is currently incarcerated but, rather, on the felony transportation of child pornography charges now pending in the United States District Court for the Eastern District of Missouri. *United States v. Kiderlen*, No. 4:05-cr-721-ERW (E.D.Mo.). Plaintiff filed the instant action seeking relief pursuant to 42 U.S.C. § 1983. However, there is a split of authority as to whether plaintiff may bring an action challenging a condition of parole in a § 1983 action or whether his sole remedy is to apply for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. *Compare Yahweh v. United States Parole Comm'n*, 158 F. Supp.2d 1332, 1338 (S.D. Fla. 2001) (holding that habeas corpus is not sole remedy for parolee challenging parole conditions), *with Drollinger v. Milligan*, 552 F.2d 1220, 1225 (7th Cir. 1977) (holding that writ of habeas corpus is the exclusive remedy for a parolee challenging parole conditions).

In an unpublished opinion, the Eighth Circuit Court of Appeals held that a challenge to the conditions of parole must be brought by means of a petition for habeas corpus. *Bass v. Mitchell*, 1995 WL 244043, at *1 (8th Cir. 1995) (citing *Drollinger*, 552 F.2d at 1224-25). Although unpublished opinions are not binding upon this Court, *United States v. Kanatzar*, 370 F.3d 810 (8th Cir. 2004), *vacated on Booker grounds,* 534 U.S. 1107 (2005), *opin. reinstated,* 139 Fed. Appx. 760 (8th Cir. 2005), *cert. denied,* --- U.S. ----, 126 S.Ct. 819 (2005), the Court is, nevertheless, persuaded that habeas corpus is plaintiff's sole remedy.

**A. Writ of habeas corpus.**

The federal habeas statute, 28 U.S.C. § 2254, requires persons in state custody who seek federal habeas relief to first exhaust his available state remedies. *See* 28 U.S.C. § 2254(b)(1)(A); *Wayne v. Missouri Bd. of Probation and Parole*, 83 F.3d 994, 996 (8th Cir. 1996). In the instant action, plaintiff indicates that he has not filed any previous action relevant to the issues raised herein.

Thus, he does not state that he has exhausted his available state remedies. Furthermore, he fails to allege an absence of available state remedies or that the available remedies are ineffective. 28 U.S.C. § 2254(b)(1)(B)(i) - (ii). Because plaintiff has not shown that he exhausted his available state remedies, the Court must dismiss the instant action.

### B. 42 U.S.C. § 1983

Alternatively, assuming that plaintiff can proceed by means of a § 1983 action, the instant action should still be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). Title 42 U.S.C. § 1983 affords a remedy only if plaintiff can show that he has been deprived of some right secured by the United States Constitution or the laws of the United States by persons acting under color of state law. *Parratt v. Taylor*, 451 U.S. 527, 535, 101 S.Ct. 1908, 1913 (1981), *overruled on other grounds, Daniels v. Williams,* 474 U.S. 327 (1986). In the case at hand, plaintiff alleges that he has been denied a presumption of innocence and that his rights under the double jeopardy clause have been violated.

#### 1. Presumption of innocence

As the Supreme Court explained, in *Taylor v. Kentucky,* 436 U.S. 478, 98 S.Ct. 1930 (1978), the phrase "presumption of innocence" is not a constitutional requirement but is "one means of protecting the accused's constitutional right to be judged solely on the basis of proof adduced at trial." *Taylor,* 436 U.S. at 486, 98 S.Ct. at 1935. As such, plaintiff has a due process right to a presumption of innocence. *See Kentucky v. Whorton,* 441 U.S. 786, 790, 99 S.Ct. 2088, 2090 (1979) (per curiam), *reh'g. denied,* 444 U.S. 887, 100 S.Ct. 186 (1979) (considering whether failure to give a presumption of innocence instruction denied the defendant "due process of the law in light of the totality of the circumstances").

5

To state a due process claim, plaintiff must show that there exists a liberty interest protected by the due process clause. Liberty interests may be created when state officials are required or mandated to take a certain action. *See Board of Probation v. Allen*, 482 U.S. 369, 377-78, 107 S.Ct. 2415, 2420-21 (1987) (holding that use of mandatory language in parole statute created liberty interest in parole).

Missouri's current parole statute, Missouri Revised Statute § 217.690, permits the MBPP to exercise its discretion in determining the conditions under which offenders will be paroled. Mo. Rev. Stat. § 217.690.8. The statute does not contain any mandatory language restricting the MBPP's discretion to impose conditions on a parolee or to alter those conditions as the MBPP deems necessary or desirable. Accordingly, plaintiff's due process claim should be dismissed.

### 2. Double jeopardy

Plaintiff has not demonstrated that he suffered any double jeopardy violation. The Fifth Amendment, made applicable to the States through the Fourteenth Amendment, protects against prosecution for the same offense after an acquittal; prosecution for the same offense after conviction; and multiple punishments for the same offense. *See North Carolina v. Pearce,* 395 U.S. 711, 717 (1969), *overruled in part on other grounds by Alabama v. Smith,* 490 U.S. 794 (1989). A state, granting parole to a prisoner lawfully sentenced to a prison term, has the right to impose conditions of the parole. *Pierson v. Grant*, 527 F.2d 161, 164 (8th Cir. 1975) ("[P]arole is an act of grace and . . . boards of parole have wide discretion to impose reasonable conditions in connection with parole.").

It is well settled that plaintiff does not have an inherent constitutional right to parole. See Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7 (1979). Thus, the States do not have to grant parole to any inmate but are free to grant parole if they so wish. In

certain cases, a state inmate's interest in parole is protected by the due process clause. *Id.* Because inmates have no inherent right to parole, the Court does not read the Constitution as prescribing the specific form which parole must take, if and when a State decides to grant inmates early release. Specifically, the Constitution does not seem to require that paroles be granted with only the most minimal of conditions and restrictions on the parolee. To the contrary, the conditions under which inmates are to be released appear to be a matter for the State to determine. So long as a condition imposed upon a parolee does not infringe upon an explicit constitutional right, the parolee cannot complain that a particular condition unduly restricts his liberty. In short, the conditions imposed on a parolee define the amount of liberty the parolee enjoys.

Under Missouri law, all paroles are issued on the duly-adopted order of the MBPP. Mo. Rev. Stat. § 217.690(1). Parolees remain in the legal custody of the MBPP subject to its orders. Mo. Rev. Stat. § 217.690(2). Most importantly, the MBPP "may, at its discretion, require any offender seeking parole to meet certain conditions during the term of parole so long as said conditions are not illegal or impossible for the offender to perform." Mo. Rev. Stat. § 217.690(8). Consequently, the MBPP enjoys a great deal of latitude in setting the conditions under which inmates are to be released prior to the expiration of their sentences.

In plaintiff's case, the MBPP determined that "parole" includes the conditions that he have no unsupervised contact with minors and no residence with minors. These conditions seem to be well within the discretion of the MBPP to impose. Consequently, plaintiff's allegation that his parole conditions violate the double jeopardy clause fails to state a claim upon which relief may be granted.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis

[Doc. 1] be **GRANTED.**

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial partial filing fee of $19.00 within thirty (30) days from the date of this order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prisoner registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint because it is legally frivolous or fail to state a claim upon which relief may be granted, or both. *See* 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

Dated this 23rd day of March, 2006.

_____
**UNITED STATES DISTRICT JUDGE**